No. 41,793

FRANK J. ABLAH, et al., *Appellants,* v. RAY H. EYMAN, *Appellee.*

(352 P. 2d 10)

Opinion filed May 14, 1960.

*Milton Zacharias,* of Wichita, argued the cause, and *Kenneth H. Hiebsch, Richard A. Render, Albert L. Kamas, Donald E. Lambdin,* and *David G. Arst,* all of Wichita, were with him on the briefs for the appellants.

No appearance for appellee.

The opinion of the court was delivered by

ROBB, J.: The plaintiffs, Frank J. Ablah, and others, commenced a replevin action under G. S. 1949, 60-1001 to recover immediate

possession of certain books and records by filing the required statutory affidavit (G. S. 1949, 60-1002) and bond (G. S. 1949, 60-1003).

Defendant did not proceed properly or legally by posting a re-delivery bond as required by G. S. 1949, 60-1007 which reads:

"If, within twenty-four hours after service of the copy of the order, there is executed by one or more sufficient sureties of the defendant, to be approved by the sheriff, an undertaking to the plaintiff, in not less than double the amount of the value of the property as stated in the affidavit of the plaintiff, to the effect that the defendant will deliver the property to the plaintiff, if such delivery be adjudged, and will pay all costs and damages that may be awarded against him, the sheriff shall return the property to the defendant. If such undertaking be not given within twenty-four hours after service of the order, the sheriff shall deliver the property to the plaintiff."

Without notice, hearing, or any transcript of a record showing a hearing, the sheriff subsequently received the following order from the trial court:

"It Is by the Court, Ordered, decreed and adjudged that on the Motion of the Court, the Sheriff of Sedgwick County, Kansas, is ordered to hold all papers in replevin in the above entitled case which are now in his hands, until the further order of the Court, and

"It Is So Ordered."

Plaintiffs perfected their appeal from the above order of the trial court, pursuant to G. S. 1949, 60-3302, *Second*, which provides that this court has appellate jurisdiction over an order of the court below that discharges, vacates or modifies a provisional remedy.

It is unnecessary to detail each section of our statutes controlling proceedings in replevin and the reasons therefor. Certainly they include no provision whereby a trial court is given jurisdiction to stay proceedings in such manner as was attempted herein.

The result is the order of the trial court is void and it must therefore be reversed, set aside, and held for naught.